### CINNAMOND vs. GREENLEE.

1. Part owners of a steamboat are not partners but tenants in common.

2. One partner is a competent witness in an action brought by his copartner against a third partner for money advanced by the latter to the second as part of the capital of the latest, even during the partnership.

3. The money thus advanced constitutes no part of the partnership transactions.

4. On a settlement between partners, one may be a witness for another, against a third, for the amount to be paid by the last.

## APPEAL from St. Louis Court of Common Pleas.

CROCKETT & BRIGGS, *for Appellant, insist:*

1. That Davis & Cinnamond, Greenlee & Logan, were part owners and tenants in common of the steamboat Lighter, and not partners. Colyer on Partnership, 666, 682, 688.

2. The plaintiff having paid, of his own money, debts incurred in the construction of the boat, which, under the terms of their original agreement, were to have been paid by the defendant, (who was also a part owner) may maintain assumpsit to recover it back. An action of law will lie even between partners for breach of the articles of association. Gow on Partnership, 70-1-2; 13 East., 7; 1 Nott & Mc., 20; 8 Mass., 462; 4 Bibb, 418.

3. That even as between partners, an action at law will lie to recover balance due upon settlement of partnership accounts: that in the case at bar, after the dissolution of the partnership, or, more properly speaking, after the severance of the tenancy in common, there was a full and final settlement of all their joint accounts, and the balance struck; upon which defendant expressly promised the plaintiff to pay the outstanding debts contracted in building. That having failed to pay these debts, and the plaintiff having paid them, may recover in assumpsit for the breach of the defendant's express promise.

4. That the instruction to the jury, at the instance of defendant, was erroneous, inasmuch as it virtually cuts off from the consideration of the jury all the proof touching the settlement of the joint account and the promise of the defendant to pay the outstanding debts of the boat.

5. That the instruction was irrelevant—wholly unsupported by proof, and calculated to mislead the jury.

6. That the witness, Davis, was improperly excluded by the court, and was a competent witness for the plaintiff—because,

First, He was not liable to the plaintiff for contribution. The debts of the boat paid by plaintiff, were not the debts of the witness, but the debts of the defendant. The witness had never agreed to pay them, and as between the part owners, could not be made liable for them.

Second. In case the plaintiff recovers, Davis will be entitled to no part of the fund, for the reason that plaintiff will only recover back his own money, which he has paid for defendant.

SPALDING & TIFFANY, *for Defendant, insist:*

1. On the bill of exceptions, no question can arise in this Court, as no point has been sufficiently

preserved, it not being stated that any decision of the court was excepted to; but at the close of a long bill of exceptions, it is alleged "*to which several opinions of the court the plaintiff excepts;*" and this bill of exceptions was filed long after the trial.   7 Mo. R., 209, Shelton vs. Ford & Whitehill; 8 Mo. R., 224, Vaulx vs. Campbell, ex'r.; 8 Mo. R., 656, Randolph vs. Alsey.

2. Even if an exception is properly taken to overruling a motion for new trial, the appellee contends that the motion was properly overruled—because,

First, The instruction was not excepted to at the trial.   8 Mo. R., 656, Randolph vs. Alsey.

Second. The exclusion of the deposition was not excepted to at the trial.

Third. The verdict was not against law; the instruction not having been excepted to, it is to be considered the law of the case by agreement, and the finding according to it is no grievance to the party.

Fourth. Nor was it against evidence.   The Court will not interfere on this ground, unless it is a glaring case.   8 Mo. R.; 434, Todd, *et al.* vs. Boone County; 8 Mo. R., 446, Wilson, *et al.* vs. Burks.

The deposition does not show that there was a final settlement, including the original transactions in building the boat.   I mean the deposition of Lyons.   That settlement included only the business done by the boat.   This is the fair interpretation of that deposition.   The court, then, would have done right in saying that there was no evidence of a settlement, including the transactions on which this suit is based.

McBRIDE, J., *delivered the opinion of the Court.*

David Cinnamond instituted his action of assumpsit in the Court of Common Pleas of St. Louis county, against Thomas Greenlee, and on making affidavit that the defendant was a non-resident of this State, an attachment was issued, and the steamboat Lighter, with her tackle, apparel and furniture, was attached as the property of said defendant.— The defendant pleaded non-assumpsit.   A trial was had at the October term, 1844, when the plaintiff recovered judgment for $236 99; whereupon the defendant moved for and obtained a new trial.   The plaintiff then had leave to amend his declaration.

The amendment to the original declaration alleges as the cause of action, that on the 1st March, 1842, at Pittsburg, it was mutually agreed between the plaintiff and defendant, together with William Logan, John Davis, and George Bell, to construct a steamboat, which should belong to the parties in the following proportions, to-wit: The plaintiff and John Davis to own one-half, and Greenlee, the defendant, with Logan and Bell, to be the owners of the other half.   The plaintiff and Davis were to furnish the engine and do all the blacksmith work necessary in the construction and equipment of the boat, whilst the defendant, with Logan and Bell, were to furnish all of the other materials and do all the other necessary work in the construction and equipment of the boat.   It is averred that the plaintiff and Davis complied fully on their part with their undertaking and agreement, but that the defendants, Logan and Bell, did

not perform on their part; and by reason of such default, the plaintiff was compelled and did expend $500, in and about the construction and equipment of the boat, &c. To this the defendant filed his plea of non-assumpsit, and a trial was again had, which resulted in a verdict and judgment for the defendant. The plaintiff thereupon filed his motion for a new trial, for the reasons, 1st, the verdict and judgment are against law; 2nd, they are against the evidence; 3rd, the court erred in excluding the deposition of John Davis from the jury; 4th, the court erred in the instruction given at the instance of the defendant's counsel; which was overruled, and an appeal taken to this Court.

The bill of exceptions sets out the deposition of John Davis, which was read to the jury, subject to all legal objection, after the close cf the evidence, and was subsequently excluded by the court from the consideration of the jury, as follows: *John Davis*, of lawful age, &c., saith that the steamboat Lighter was built at Pittsburg in the winter of 1842, by George Bell, Thomas Greenlee, William Logan, John Davis and David Cinnamond; that John Davis and David Cinnamond were to own one-half of the said boat, in consideration of furnishing said boat with boilers, engine, and doing all of the blacksmithing of said boat; that said Bell, Greenlee and Logan were to own the remaining half, in consideration of furnishing all other materials and labor for the completion of said boat; that Bell, some time after the finishing of said boat, sold out his interest to said Greenlee and Logan; that on purchasing the said interest of Bell, said Greenlee and Logan became accountable for all debts contracted by said Bell as part owner of said boat; that afterwards, the said Cinnamond, Davis and Logan sold their three-fourths of said boat to Pierre Chouteau, Jr. & Co. of St.Louis, taking in part payment thereof said Chouteau & Co.'s three several notes, each for $333 33, payable three months after the date thereof, provided that no claims came against said boat during the time to stop the payment of said notes. Deponent knows that James A. Speer, Henry Higbee, Andrew Miller and James McGunnegle, whose names appear in the annexed account, and marked A, had claims on the said steamboat Lighter, for work and labor done upon that part of said boat which was to be paid for by Bell, Greenlee and Logan; that Speer contracted to do the painting of said boat, and performed said contract; that Henry Higbee had a claim for queensware furnished to said boat; that Andrew Miller had a claim for furnishing blocks, tackle, &c., for said boat; and that James McGunnegle had a claim for furnishing coal to said boat. Deponent further states, that Greenlee and Logan gave their promissory note to said Bell in part payment of his interest; that said note

was endorsed by Cinnamond and Davis, and transferred by Bell to one Blackburn, whose name appears in the account aforesaid; that P. Chouteau, Jr. & Co., aforesaid, were garnisheed by the above mentioned claimants; the sum of three hundred and thirty-three dollars and thirty-three cents being the amount of one of the three notes aforesaid, and in favor of David Cinnamond, was paid by Chouteau & Co. to J. B. Crockett, Esq., agent of the said Cinnamond, on condition that the said Cinnamond should pay off one-third of the aforesaid garnishments and costs, which was paid, to the best of deponent's knowledge and belief. Deponent has no interest whatever in this suit; and further he saith not.

The following is the account referred to in the above deposition:

*Thomas Greenlee,*

| | To David Cinnamond, | | | | | Dr. | |
|---|---|---|---|---|---|---|---|
| To cash paid | James A. Speer for you, | - | - | - | | $96 | 60 |
| do. | O. Blackburn " | - | - | - | | 49 | 00 |
| do. | Henry Higbee " | - | - | - | | 21 | 41 |
| do. | Andrew Miller " | - | - | - | | 30 | 21 |
| do. | James McGunnegle | - | - | - | | 5 | 85 |
| do. | P. Chouteau & Co. | - | - | - | | 21 | 55 |

St. Louis, 14 Nov., 1843.          $224 62

*Thomas Lyon* testified, that he is acquainted with the parties, Cinnamond and Greenlee; he was employed as clerk of the steamboat Lighter by John Davis and Thomas Greenlee, two of the owners, with the consent of the other owners, some time during the summer of 1842; the boat was owned by John Davis, Thomas Greenlee, David Cinnamond, and William Logan. While I was on the boat, George Bell was not a part owner, as he had previously sold to Greenlee and Logan. David Cinnamond owned one-fourth part of the boat. Witness took charge of the boat as captain in March, 1843, and continued to run her until the sale to Chouteau & Co., in April, 1843. After the sale of the boat, the owners, to-wit: John Davis, David Cinnamond, Thomas Greenlee and William Logan, met, with witness, at the house of Thomas Greenlee in the city of Pittsburg, where a settlement was had between the owners, which included the business of the boat from the time witness went on board till the time of settlement. It was a final settlement between the owners. There was found to be due to D. Cinnamond a balance from Greenlee and Logan—the amount not recollected—which they promised to pay. Greenlee and Logan were to pay the outstanding debts for the building and outfit for their half of the boat. This I learned in my intercourse

with the owners, and my knowledge of the business of the boat. While in the employ of the owners, and whilst captain and clerk of the boat, I had control of the books and understood the business of the boat. The dividends arising from the business of the boat were applied to the payment of the debts for the construction of the boat and its outfit. These dividends were the dividends of the owners, and not merely those of Greenlee and Logan. Greenlee and Logan were to refund to Davis and Cinnamond the amount of their dividends made use of for the payment of those outstanding debts for the building and construction of the boat.

The evidence of Mr. Crockett goes to establish the payment by Cinnamond of the demands referred to by Davis, as debts which should have been paid by the defendant.

After the exclusion of Davis' evidence from the jury, the defendant obtained from the court the following instruction to the jury: "If the jury believe from the evidence that the plaintiff and defendant were, with others, part owners of the steamboat Lighter, and that the cause of action sued for in this suit grew out of the building and business of said boat while they were such joint owners, they are bound to find for the defendant."

Two questions for the decision of this Court are raised by the record: first, was the evidence of Davis properly excluded from the consideration of the jury; and, second, did the court correctly instruct the jury? They may be considered together.

The relation existing between the part owners of a boat is not that of partners, but tenants in common. But if it were otherwise, still it is not perceived upon what ground the court excluded the evidence of Davis. One partner would be a competent witness by whom to prove that a second partner had advanced money for a third, as part of his portion of the capital stock of the partnership concern; and such second partner would have a right *at law* to recover the amount thus advanced for the third partner, even during the existence of the partnership. Such a transaction does not enter into and form a part of the partnership business, so as to require the interposition of a court of equity to adjust and settle the rights of the several partners. A balance found due on a settlement between partners, even though that balance be a part of the profits or loss of the partnership dealings, may be recovered at law, as readily as if the balance arose out of the ordinary traffic between strangers. The settlement withdraws from the partnership all of the transactions embraced in it, and from partnership, converts the rights and liabilities into individual. The partnership is dissolved, so far as the mat-

ters embraced in the settlement are concerned, and as between the partners themselves.

If part owners of a boat be tenants in common, it is indisputable that one may be a witness for another, in an action against a third; for, whatever may be the result of the action, it will not affect his interest. He will not thereby acquire any rights, nor be subject to any losses; so that he stands indifferent, not only between the parties litigant, but as to the result of the controversy.

Wherefore, we are of opinion that the court committed error in excluding the evidence of Davis from the jury, and that the court erred in the instruction given.

The judgment is reversed and the cause remanded.